**HAI QING WANG, Petitioner**

v.

**ATTORNEY GENERAL OF the UNITED STATES, Respondent.**

No. 06–3231.

United States Court of Appeals, Third Circuit.

Submitted Under Third Circuit LAR 34.1(a) Sept. 27, 2007.

Filed: Oct. 24, 2007.

---

488

Robert J. Pures, II, Christophe & Associates, P.C., New York, NY, for Petitioner.

Allan B.K. Urgent, Office of United States Attorney, Newark, NJ, David E. Dauenheimer, United States Department of Justice, Office of Immigration Litigation, Washington, DC, for Respondent.

Before: AMBRO, JORDAN and ROTH, Circuit Judges.

## OPINION OF THE COURT

JORDAN, Circuit Judge.

Hai Qing Wang has petitioned this Court for review of the decision of the Board of Immigration Appeals ("BIA") summarily affirming the decision of the Immigration Judge ("IJ") denying his petition for asylum, withholding of removal, and protection under the Convention Against Torture ("CAT"). Wang alleges

that his testimony was credible and sufficient to meet the requisite burdens of proof. For the reasons discussed below, we will deny Wang's petition.

## I.

Wang was born on March 29, 1979 in Changle City, in the People's Republic of China. He left China on April 14, 2002, and arrived in Miami, Florida on June 2, 2002. From Miami, Wang traveled to New York to live and work. Wang applied for asylum and withholding of removal on April 10, 2003 alleging persecution on the basis of his political opinion, because of his support for his father, who was a practitioner of Falun Gong.[1] In a hearing before the IJ on August 5, 2004, he conceded removeability and requested relief in the form of asylum, withholding of removal, and protection under the CAT.

Wang alleges that on December 2, 2001, police officers came to his family's home in China with the intent of arresting his father. Wang's father, however, had fled the home on November 30, 2001. Finding Wang's father missing, the police officers allegedly threatened to arrest Wang instead. Wang asserts that he then ran from the house, escaping the police, and was ultimately smuggled into the United States.

Wang's testimony and documents suffer from a number of inconsistencies. Among them are whether two or four police officers came to arrest Wang's father (Compare JA at 104 with 537); whether Wang escaped arrest by running out the front door or the rear door (Compare JA at 106–07 with e.g. 470); whether Wang fled to

---

1. According to a report from the U.S. State Department, the Chinese government has taken a variety of oppressive measures against practitioners of Falun Gong. *See* U.S. Department of State, International Religious Freedom Report 2002 ("The Government continued its repression of .. Falun Gong.... [T]housands of Falun Gong adherents have been arrested, detained, and imprisoned ....") (found at http://www.state.gov/g/drl/rls/irf/2002/13870.htm; reproduced at Joint Appendix ["JA"] at 151, 153).

his friend's house or to his uncle's home to join his father (Compare JA at 107 with 580); whether his friends paid $50,000 to smuggle him to the United States, or whether he did not know how much was paid because his father made the arrangements for him to be smuggled out of China (Compare JA at 124 with 547); and whether the death of Wang's father was caused by gastric bleeding due to a beating he suffered while in police custody or by stomach cancer (Compare JA at 118 with 232).

In an oral opinion, the IJ found that "the respondent was not credible, and, therefore, his application will be denied." (JA at 41.) In support of his finding, the IJ highlighted many discrepancies between written documents and Wang's testimony, including those discussed above. As a result, the IJ concluded that "the discrepancies are substantial, significant [and] they go to the heart of the respondent's claim." (JA at 49.)

Wang appealed the IJ's decision to the BIA. The BIA found the issues raised by Wang on appeal to be unpersuasive, and therefore adopted and affirmed the IJ's decision, and dismissed Wang's appeal.

## II.

This Court has jurisdiction to review a final order of the BIA under 8 U.S.C. § 1252(b)(2) and (d).

When the BIA adopts the opinion of the IJ without rendering its own opinion, we review the decision of the IJ. *Gao v. Ashcroft*, 299 F.3d 266, 271 (3d Cir.2002). An appellate court "must sustain [an] adverse credibility determination if there is substantial evidence in the record to support it." *Id.* at 272. The discrepancies in the record that led to the IJ's decision "must involve the 'heart of the asylum claim.'" *Gao*, 299 F.3d at 272, citing *Ceballos–Castillo v. INS*, 904 F.2d 519, 520 (9th Cir.1990).

## III.

Wang petitions for review of the BIA's denial of his application for asylum, withholding of removal, and protection under the CAT. He argues that the IJ and the BIA erred in denying his petition because he met his burden of proof, and because the adverse credibility finding was based on distinctions that did not go to the heart of his claim.

The IJ's adverse credibility finding, however, is supported by substantial evidence. Wang's testimony was full of discrepancies, including, but not limited to, how many police officers came to arrest his father, where Wang went after he escaped, and the cause of his father's death. All of that testimony is material to Wang's claim, and at no point in his testimony before the IJ, or in his brief before this Court, did Wang explain the reasons for these discrepancies. Moreover, Wang has provided no evidence to corroborate his testimony. In fact, the some of supposedly corroborating evidence provided by Wang actually creates further inconsistencies. *See* JA at 525 (May 20, 2003 letter from Wang's mother stating that Wang escaped arrest through the rear door and that Wang's father was still "waiting for his chance" to escape to the United States, while Wang testified that he escaped through the front door (JA 106) and that his father had died in October, 2002 (JA at 118)). Therefore we find that the IJ did not err in finding Wang's testimony not credible.

The IJ's denial of Wang's claims for asylum, withholding of removal and relief under the CAT is supported by substantial evidence. Accordingly, we will deny Wang's petition for review.